IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER IWANICKI, | ) |
| Plaintiff, | ) Civil Action No. 2: 12-cv-1698 |
| v. | ) United States Magistrate Judge |
| | ) Cynthia Reed Eddy |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

On May 22, 2013, Plaintiff, Christopher Iwanicki, filed a Notice of "Defendant's Willful Retaliation Against Plaintiff by Placing in DC Custody; To Thereby Force Involuntary Non-Suit to Gain Tactical Advantage in These Proceedings" (ECF No. 46). Distilled to its essence, the Notice appears to be claiming that, since the initiation of this lawsuit, Defendants have retaliated against him by filing "falsified" misconduct reports against him. Specifically, Plaintiff claims that on May 7, 2013, two (2) misconduct reports were filed against him: B-443247, which charged him with possession of contraband, and B-443248, which charged him with threatening another person; using abusive obscene or inappropriate language to or about an employee; and unauthorized use of mail or telephone. The record reflects that on May 14, 2013, a Hearing Examiner found Plaintiff guilty of both misconducts. (ECF No. 46-1).

Because Plaintiff has raised claims arising out of events that occurred after the commencement of this action, the Court construes and deems this Notice as a Motion to allow a supplemental pleading filed pursuant to Federal Rule of Civil Procedure 15(d) ("[t]he court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction,

1

occurrence, or event that happened after the date of pleading to be supplemented.") The purpose of Rule 15(d) is to promote judicial economy and convenience by allowing a party to bring in claims related to its original claims that occurred after the party filed its last complaint. However, a supplemental pleading cannot be used to introduce a separate, distinct and new cause of action. See 6A Federal Practice and Procedure § 1509 (3d ed.) (noting that leave to file a supplemental pleading will be denied where the "supplemental pleading could be the subject of a separate action").

In order to state a retaliation claim, a plaintiff must show: (1) that he engaged in constitutionally protected activity; (2) that he was subject to adverse actions by a state actor; and (3) the constitutionally protected activity was a substantial motivating factor in the state actor's decision to take adverse action. Anderson v. Davila, 125 F.3d 148, 161 (3d Cir. 1997) (*citing*, Mt. Health City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274 (1997)). Even if a plaintiff establishes these elements, the defendant can still prevail if the state actor can show that it would have taken the same action without the unconstitutional factors. Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. at 287. In the prison context, the State actor may rebut a plaintiff's claim by showing that the State actor's actions were motivated by legitimate penological objectives. Pratt v. Rowland, 65 F.3d 802 (9th Cir. 1995). If the prison officials make such a showing, then Plaintiff cannot state a retaliation claim successfully. Rauser v. Horn, 241 F.3d 330, 334 (3d Cir. 2001) ("This means that, once a prisoner demonstrates that his exercise of a constitutional right was a substantial or motivating factor in the challenged decision, the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest."); Iseley v. Dragovich, 90 Fed. Appx. 577, 581 (3d Cir. 2004) (upholding summary judgment, the Court held

that "[a]ssuming arguendo that Iseley met his initial burden under *Rauser* regarding the retaliatory denial of medical care, for all of the reasons set forth above and in the District Court's opinion, the defendants have shown that they would have arrived at the same decision regarding appropriate treatment for Iseley's dental problems, his nearsightedness, and for Hepatitis C condition in 1999, 2000 and 2001."); <u>Carter v. McGrady</u>, 292 F.3d 152, 153 (3d Cir. 2002) ("We conclude, assuming *arguendo* that Carter has correctly described the attitude at SCI-Mahanoy about jailhouse lawyering and that he has made out a *prima facie* case of retaliation, that there is no genuine issue of material fact that the prison officials would have disciplined Carter for these violations notwithstanding his jailhouse lawyering.").

In this case, the record reflects that on May 14, 2013, a Hearing Examiner found Plaintiff guilty of misconduct numbers B-443247 and B-443248. (ECF No. 46-1). In light of the fact that Plaintiff was found guilty of these misconducts, the Court finds that Plaintiff has failed to state a claim for retaliation. See <u>Romansky v. Stickman</u>, 147 Fed. Appx. 310, 312 (3d Cir. 2005) (finding that plaintiff did not state a claim for retaliation based upon his receipt of a misconduct, in light of the fact that he was found guilty of the misconduct); <u>Henderson v. Baird</u>, 29 F.3d 464, 469 (8th Cir 1994) (stating that a finding that a prisoner violated the rules checkmates his retaliation claim).

**AND NOW**, this 24th day of May, 2013, it is hereby **ORDERED** that the NOTICE / MOTION to file a supplemental pleading (ECF No. 46) filed by Plaintiff on May 22, 2013, is hereby **DENIED**.

                                                  s/Cynthia Reed Eddy
                                                  Cynthia Reed Eddy
                                                  United States Magistrate Judge

cc:     CHRISTOPHER IWANICKI
    FW 2272
    SCI Retreat
    660 State Route 11
    Hunlock Creek, PA 18621-3136

    Ronald W. Chadwell
    Commonwealth of Pa., Department of Corrections
    Governor's Office of General Counsel
    Email: rchadwell@state.pa.us