IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER IWANICKI, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 2: 12-cv-1698 |
| | ) |
| v. | ) United States Magistrate Judge |
| | ) Cynthia Reed Eddy |
| PENNSYLVANIA DEPARTMENT OF | ) |
| CORRECTIONS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Presently before the Court is "United States District Court(s) Questionable Impartiality Toward Plaintiff in Official Proceedings" (ECF No. 59) in which Plaintiff requests the undersigned to disqualify herself because "the record reveals questionable impartiality, now manifest, to and against Plaintiff by this Court's order(s), denying any relief requested by Plaintiff to date." Mot. at 2.

Under 28 U.S.C. § 455, a judge is required to recuse herself "in any proceeding in which [her] impartiality might reasonably be questioned," 28 U.S.C. § 455(a), or "[w]here [she] has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). The test for recusal under § 455(a) is an objective one and requires recusal where a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In re Kensington Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004). The bias required before recusal is warranted under either

1

subsection (a) or (b)(1), "must stem from a source outside of the official proceedings." *Liteky v. United States*, 510 U.S. 540, 554 (1994). *See Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 167 (3d Cir. 2004) (beliefs or opinions which merit recusal must involve an extrajudicial factor). Moreover, the Court of Appeals for the Third Circuit has made it clear that "a party's displeasure with legal rulings does not form an adequate basis for recusal." *Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000) (citing *In re TMI Litig.*, 193 F.3d 613, 728 (3d Cir. 1999) and *Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1356 (3d Cir. 1990). *See Waris v. Heartland Home Healthcare Services, Inc.,* 365 F. App'x 402, 406–07 (3d Cir. 2010). Thus, "the court must consider whether attacks on a judge's impartiality are simply subterfuge to circumvent anticipated adverse rulings." *Conklin v. Warrington Twp.*, 476 F.Supp.2d 458, 462–464 (M.D. Pa. 2007) (citing *In re Antar*, 71 F.3d 97, 101 (3d Cir. 1995), *overruled on other grounds by Smith v. Berg,* 247 F.3d 532, 534 (3d Cir. 2001)).

Here, to support his contention that the undersigned has demonstrated personal bias against him and partiality towards the Defendants, Plaintiff points to the fact that on July 29, 2013, the Court denied Plaintiff's objections to the Status Report filed by Defendants (ECF No. 57).

Plaintiff's complaints amount to nothing more than his displeasure with the Court's rulings which do not warrant recusal. *Securacomm*, 224 F.3d at 278.

Accordingly, on this 13th day of August, 2013, it is hereby **ORDERED** that Plaintiff's request to disqualify the magistrate judge is **DENIED**.

*s/ Cynthia Reed Eddy*
Cynthia Reed Eddy
United States Magistrate Judge


cc:   CHRISTOPHER IWANICKI
      FW 2272
      SCI Retreat
      660 State Route 11
      Hunlock Creek, PA 18621-3136


      Ronald W. Chadwell
      Commonwealth of Pa., Department of Corrections
      Email: rchadwell@state.pa.us