IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER IWANICKI, | ) |
| | ) |
| Plaintiff, | )  Civil Action No. 2: 12-cv-01698 |
| | ) |
| v. | ) |
| | )  United States Magistrate Judge |
| PENNSYLVANIA DEPARTMENT OF | )  Cynthia Reed Eddy |
| CORRECTIONS, et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM OPINION AND ORDER

Presently pending is the "Motion to Dismiss for Failure to State a Claim," with brief in support, filed by Defendants (ECF Nos. 48 and 49), and the Response in Opposition filed by Plaintiff (ECF No. 55). For the reasons that follow, the Motion will be granted.

#### FACTUAL BACKGROUND

Plaintiff, Christopher Iwanicki, a state prisoner currently incarcerated at State Correctional Institution - Retreat, in Hunlock Creek, PA, has filed a complaint pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983. Plaintiff was incarcerated at SCI-Mercer during the events that give rise to this civil action. He has named as Defendants the Pennsylvania Department of Corrections ("DOC") and SCI Mercer, as well as nine (9) individuals, all of whom are employed by DOC. The Defendants are all represented by the Office of Chief Counsel of the PA Department of Corrections.

1

The uncontested facts are as follows:[1] In September 2012, Plaintiff was incarcerated at SCI-Mercer and employed as a "Legal Aide" in the Law Library. Complaint, Exhibit 6 (ECF No. 10-6). Without authorization, Plaintiff used a Department computer in the Law Library to write a personal letter to Defendant Deb Alvord,[2] a paralegal in the Chief Counsel's Office of the DOC in Mechanicsburg, PA, complaining about certain law library policies that had been instituted at SCI-Mercer. *See* Complaint, Exhibit 1. Plaintiff then used an inter-library loan envelope to mail the letter to Ms. Alvord.

According to the Complaint, on or about October 26, 2012, Defendant James Oppman, "SCI-Mercer Principal," improperly "retrieved" Plaintiff's letter of complaint from the central office. Approximately three days later, Plaintiff was notified that he was suspended from his work assignment pending investigation. On that same day, Plaintiff filed Grievance MER 434269-12, complaining about his suspension.

Defendant Byers investigated the suspected infractions and issued Misconduct Report B 288619 against Plaintiff, charging him with (i) refusing to obey an order,[3] (ii) unauthorized use of mail or telephone; (iii) lying to an employee; and (iv) theft of services.

---

[1] As the law requires, at this stage of the proceeding all disputed facts and inferences are to be resolved in favor of Plaintiff, the non-moving party.

[2] According to the Defendants, Defendant Deb Alvord is incorrectly identified in the Complaint as "Deb Alford."

[3] The Misconduct Report states that upon hire Plaintiff was "given direction that he was not permitted to use Dept. provided computers for personal use."

On November 16, 2012, Defendant John Doe / Hearing Examiner conducted an administrative misconduct hearing.  The Complaint states that Plaintiff was "forced" to "withdraw his not guilty plea, and enter[ ] a guilty plea BY NO CONTEST, i.e., Alford plea,[4] proceeding to a finding of guilty."  Complaint, at ¶ 22.  The Hearing Examiner found Plaintiff guilty of the disciplinary infractions and imposed the following misconduct sanctions: a "reprimand / warning," temporary loss of his prison job, and "assessment for one envelope."  Plaintiff also asserts that as a result of the investigation, misconduct report and misconduct hearing he was temporarily suspended from his prison job, that he was subjected to a decrease in pay when he returned to work, and that he was denied parole as the result of the disciplinary penalty imposed.

Plaintiff initiated this lawsuit alleging that Defendants have retaliated against him for "exercising his rights of free expression, petition, and access to Courts under the First Amendment" and that Defendants have subjected him to "excessive fines and penalties," by, *inter alia*, terminating his employment, changing his custody level, and subjecting him to a parole denial.

The operative complaint is ECF No. 10.[5]  Attached to Plaintiff's Complaint were a number of exhibits.  As relief, Plaintiff seeks compensatory damages, punitive damages,

---

[4]   In *North Carolina v. Alford*, 400 U.S. 25, 38 (1970), the Supreme Court of the United States held that, when facing strong evidence of guilt, a defendant may plead guilty when protesting innocence to avoid going to trial.  The Court notes that prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply.

[5]   Plaintiff filed an "Amendment of Relief" (ECF No. 14), which had been construed by the

3

paralegal fees, costs of litigation and the following injunctive relief: an order declaring that Defendants' acts and omissions violated Plaintiff's constitutional rights; expungement of misconduct proceedings; full reinstatement of work status; and immediate injunctive relief upon Defendants from any further retaliatory conduct upon Plaintiff and/or his personal property.

The parties have consented to jurisdiction by the undersigned Magistrate Judge. *See* ECF Nos. 62 and 64.

## STANDARD OF REVIEW[6]

1.   *Pro Se Litigants*

Pro se pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520–521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or the litigant's unfamiliarity with pleading requirements. *Boag v. MacDougall*, 454 U.S. 364 (1982); *United States ex rel. Montgomery v. Bierley,* 141 F.2d 552, 555 (3d Cir.1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance").

---

Court as an Amended Complaint. Plaintiff states in his Response in Opposition, however, that this document "Never should have been interpreted as any type of Amended Complaint. <u>It is hereby and herein withdrawn as any type of complaint</u>. By operation of law Plaintiff <u>revises</u> Dkt Entry 14, entered on February 7, 2013, <u>as evidence to be presented to jury</u> under continuing violation doctrine." Resp. at 1 (ECF No. 55).

[6]   Plaintiff's response is couched in terms of the motion for summary judgment standard. The Court will overlook this error and apply the proper Motion to Dismiss standard in considering the instant motion.

In a section 1983 action, the court must liberally construe the pro se litigant's pleadings and "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 247–48 (3d Cir. 1999)).[7]  *See also Nami v. Fauver,* 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting *Higgins,* 293 F.3d at 688). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. *Gibbs v. Roman,* 116 F.3d 83 (3d Cir. 1997).  *See, e.g., Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir.1996) (discussing Fed.R.Civ.P. 12(b)(6) standard); *Markowitz v. Northeast Land Co.,* 906 F.2d 100, 103 (3d Cir. 1990) (same).  Notwithstanding this liberality, pro se litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim.  *See, e.g., Taylor v. Books A Million, Inc*., 296 F.3d 376, 378, (5th Cir. 2002).

---

[7]   The Court of Appeals for the Third Circuit has explained the liberal construction of pro se pleadings, as follows:

> The federal rules do not adhere to the ancient principle that a pleading must be construed most strongly against the pleader.  Nor do the federal courts require technical exactness or draw refined inferences against the pleader; rather, they make a determined effort to understand what he is attempting to set forth and to construe the pleading in his favor, whenever justice so requires.  This is particularly true when a court is dealing with a complaint drawn by a layman unskilled in the law.  In these cases, technical deficiencies in the complaint will be treated leniently and the entire pleading will be scrutinized to determine if any legally cognizable claim can be found within it.

*Lewis v. Attorney General of U.S.,* 878 F.2d 714, 722 (3d Cir. 1989) (quoting 5 C. Wright & A.

Because Plaintiff is a pro se litigant, this Court may consider facts and make inferences where it is appropriate.

      2.      <u>*Motion to Dismiss Pursuant to Rule 12(b)(6) - The Legal Standard*</u>

A motion to dismiss pursuant Rule 12(b)(6) challenges the legal sufficiently of the complaint.  When reviewing a motion to dismiss, the Court must accept all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. *Burtch v. Milberg Factors, Inc.,* 62 F.3d 212, 220 (3d Cir. 2011), *cert. denied*, -- U.S. --, 131 S. Ct. 1861 (2012) (citing *In re Ins. Brokerage Antitrust Litig.,* 618 F.3d 300, 314 (3d Cir. 2010)). However, as the Supreme Court of the United States made clear in *Bell Atlantic Corp. v. Twombly,* such "[f]actual allegations must be enough to raise a right to relief above the speculative level."  550 U.S. 554, 555 (2007).  *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that, while the Complaint need not contain detailed factual allegations, it must contain more than a "formulaic recitation of the elements" of a constitutional claim and must state a claim that is plausible on its face) (quoting *Twombly*, and providing further guidance on the standard set forth therein).

To determine the legal sufficiency of a complaint after *Twombly* and *Iqbal,* the United States Court of Appeals for the Third Circuit instructs that a district court must make a three-step approach when presented with a motion to dismiss for failure to state a claim.  *Santiago v. Warminster Twp.,* 629 F.3d 121, 130 n.7 (3d Cir. 2010) (noting that although *Iqbal* describes the process as a "two-pronged approach," it views the case as outlining three steps) (citing *Iqbal*, 556

---

Miller, Federal Practice and Procedure § 1286, at 381-84 (1969)).

U.S. at 675).  First, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* at 130 (quoting *Iqbal,* 556 U.S. at 675) (alteration in original).  Second, the court "should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'"  *Id.* (quoting *Iqbal,* 556 U.S. at 679).  Third, '"where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'" *Id*. (quoting *Iqbal,* 556 U.S. at 679).

Courts generally consider the allegations of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss.  *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir. 1993).  Factual allegations within documents described or identified in the complaint also may be considered if the plaintiff's claims are based upon those documents.  *Id.* (citations omitted).  In addition, a district court may consider indisputably authentic documents without converting a motion to dismiss into a motion for summary judgment.  *Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004); *Lum v. Bank of America*, 361 F.3d 217, 222 (3d Cir. 2004) (in resolving a motion to dismiss pursuant to Rule 12(b)(6), a court generally should consider "the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim.").

Moreover, the United States Court of Appeals for the Third Circuit has held that, in civil rights cases, a court must give a plaintiff the opportunity to amend a deficient complaint - regardless of whether the plaintiff requests to do so - when dismissing a case for failure to state a claim, unless doing so would be inequitable or futile.  See *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.,* 482 F.3d 247, 251 (3d Cir. 2007).

DISCUSSION

"Retaliation for the exercise of a constitutionally protected right is itself a violation of rights secured by the Constitution . . . ." *White v. Napoleon*, 897 F.2d 103, 111-12 (3d Cir. 1990). To establish a section 1983 retaliation claim, a plaintiff bears the burden of satisfying three (3) elements, *to wit*: that (1) he engaged in a constitutionally protected activity; (2) he suffered, at the hands of a state actor, adverse action "sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights;" and (3) the protected activity was a substantial or motivating factor in the state actor's decision to take adverse action. *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001).

Plaintiff contends that he engaged in protected activity when he wrote to Defendant Alvord and that Defendants engaged in retaliatory conduct as a result of his engaging in that protected activity. Defendants did not address the first or second elements of a retaliation claim. Rather, their argument is that the Complaint under *Twombly /Iqbal, Phillips,* and *Fowler*[8] does not set out sufficient factual matters to show that the retaliation claim is facially plausible. Defendants' arguments will be addressed seriatim.

A.   *Claims Against Defendants Wetzel, Hueston, Thompson, and Captain White*

Defendants argue that the Complaint fails to state a claim against Defendants Wetzel, Hueston, Thompson, and Captain White because Plaintiff has failed to allege sufficient personal involvement on their parts to establish liability under § 1983.

---

[8] *Phillips v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008); *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009)

The sole allegation against Defendant Secretary Wetzel is that he was notified of Plaintiff's grievance regarding his suspension from work pending the investigation and that "Plaintiff's communique to Secretary Wetzel" was referred to a Staff Assistant, "who in turn treated retaliatory claim(s) as a mere pro forma matter . . . ." Complaint, at ¶¶ 16, 18.

The sole allegation against Defendant Susan Hueston, former DOC Chief Counsel, is that she was notified by Plaintiff of his grievance. *Id*. at ¶ 16.

The sole allegation against Defendant Captain White is that he approved of the investigation and the issuance of the Misconduct Report. *Id*. at ¶ 20.

The Complaint contains no allegations against Defendant Superintendent Brian Thompson. Instead, it appears that he was named as a defendant merely based on his supervisory position alone.

When a supervisory official is sued in a civil rights action, liability can only be imposed if that official played an "affirmative part" in the complained-of misconduct. *Chinchello v. Fenton,* 805 F.2d 126, 133 (3d Cir. 1986). Although a supervisor cannot encourage constitutional violations, a supervisor has "no affirmative constitutional duty to train, supervise or discipline so as to prevent such conduct." *Id.* (quoting *Brown v. Grabowski*, 922 F.2d 1097, 1120 (3d Cir. 1990), *cert. denied*, 501 U.S. 1218 (1991)). The supervisor must be personally involved in the alleged misconduct. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Participation in the after-the-fact review of a grievance is not enough to establish personal involvement. *See, e.g., Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (allegations that prison officials and administrators responded inappropriately to inmate's later-filed grievances do not establish the

involvement of those officials and administrators in the underlying deprivation). *See also Cole v. Sobina,* Civ. No. 04–99J, 2007 WL 4460617 (W.D. Pa. 2007); *cf. Wilson v. Horn*, 971 F. Supp. 943, 947 (E.D. Pa. 1997) *aff'd*, 142 F.3d 430 (3d Cir. 1998) (failure of prison officials to respond to inmate's grievance does not state a constitutional claim).

Plaintiff has not alleged that Defendants Wetzel, Hueston, Thompson, and Captain White were, in any way, personally involved in the retaliation of which he complains. Plaintiff's claims are classic *respondeat superior* and, therefore, do not state a claim for relief under Section 1983. As it is clear, based on Plaintiff's allegations, that leave to amend would be futile, dismissal of the claims against these Defendants will be with prejudice.

B.  *Claims Against Defendant Alvord*

The allegations against Defendant Deb Alvord are that (i) she was the intended recipient of the September 6, 2012 letter, which resulted in an investigation and eventual Misconduct Report being filed against Plaintiff; and (ii) she also was notified of Plaintiff's grievance. Complaint at ¶¶ 14, 16. The Court finds that none of these allegations is sufficient to state a claim for relief under section 1983.

Based on Plaintiff's allegations, it is clear that that leave to amend would be futile. Therefore, dismissal of the claims against Defendant Alvord will be with prejudice.

C.  *Claims Against Defendant Shiock*

The allegations in the Complaint pertaining to Defendant Shiock are that she (i) obstructed "Plaintiff from contact with the appropriate Federal / state authorities to report criminal violations of law" and (ii) she rejected Plaintiff's grievance "under misconduct appeal

10

(801) process; when in fact she should have filed said grievance under Pa DC-ADM 001." *Id*. at ¶¶ 19, 21.

Prisoners have no constitutionally protected right to a grievance procedure. *See Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 137–38 (1977) (Burger, C.J., concurring) ("I do not suggest that the [grievance] procedures are constitutionally mandated."); *Heleva v. Kramer*, 214 F. App'x 244, 247 (3d Cir. 2007) (citing *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) ("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner .")).

While prisoners do have a constitutional right to seek redress of their grievances from the government, that right is the right of access to the courts which is not compromised by the failure of prison officials to address an inmate's grievance. *See Flick v. Alba,* 932 F.2d 728, 729 (8th Cir. 1991) (federal grievance regulations providing for administrative remedy procedure do not create liberty interest in access to that procedure).  Any attempt by a prisoner to establish liability against a correctional official based upon his or her handling of his administrative grievances or complaints does not support a constitutional claim. *See also Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005) (involvement in post-incident grievance process not a basis for § 1983 liability); *Pryor–El v. Kelly*, 892 F. Supp. 261, 275 (D.D.C. 1995) (because prison grievance procedure does not confer any substantive constitutional rights upon prison inmates, the prison officials' failure to comply with grievance procedure is not actionable).  Accordingly, any attempt by Plaintiff to set forth a claim against Defendant Shiock solely based on her

11

response to his administrative grievance is insufficient to state a claim for relief under section 1983.

Likewise, while the Complaint baldly asserts that Defendant Shiock "obstructed" Plaintiff from contacting government officials to report criminal activity, the Complaint fails to allege any facts supporting his assertion that Defendant Shiock prevented him from contacting "the appropriate federal / state authorities to report criminal violation of law."  Therefore, this claim is legally frivolous, and will be dismissed.  Again, based on Plaintiff's allegations, the Court finds that leave to amend would be futile and dismissal of the claims against this Defendant will be with prejudice.

D.  *Claims Against Defendant Lt. Byers and the Hearing Officer*

The allegations against Defendant Byers are based on Defendant Byers conducting the investigation and filing the misconduct charges against Plaintiff. Complaint at ¶¶ 17, 20. It appears that Plaintiff is complaining that the investigation was concluded "forty-six (46) days after the alleged incident date, beyond the Fifteen (15) day Administrative Review Policy . . . ." Complaint, at ¶ 17.  DC-ADM-801, Section 1(b)(c) provides that if the Misconduct Report cannot be written and submitted before the tour of duty concludes, the report shall include a justification for the delay.[9]  Defendant Byers specifically reported that "[t]he reason for the delay was due to time needed to complete the investigation and information to be returned to the institution from Central Office." Misconduct Report, Complaint, Exh. 6.  The Court finds that Plaintiff has failed to state a claim against Defendant Byers.

---

[9] http://www.cor.state.pa.us/standards/lib/DC-ADM_801_Inmate_Discipline.pdf.

The allegations against Defendant, John Doe, the Hearing Examiner, stem from the misconduct hearing and the discipline which was imposed. Specifically, Plaintiff contends that the Hearing Examiner conducted the Administrative Hearing "in violation of Administrative Practice / Procedure Law and any Pa. D.O.C. Policy." Complaint, at ¶ 22. He also charges that the punishment issued as result of his disciplinary infractions "violated Plaintiff's Constitutional Rights under the VIII Amendment Excessive Fines and Penalties." Complaint, at ¶¶ 38-40. The Court will liberally construe this claim as a due process violation claim.[10]

In analyzing a due process claim, the threshold question is whether the plaintiff has been deprived of a protected liberty or property interest. *See Shoats v. Horn*, 213 F.3d 140, 143 (3d Cir. 2000). In the prison context, due process protection is limited to those situations where the deprivation rises to the level of an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). As a result of his disciplinary infractions, Plaintiff received a "reprimand / warning," temporary loss of his prison job, reduced pay rate upon being restored to a job, and "assessment for one envelope."

The Court finds that neither a "reprimand / warning" nor an assessment for one envelope rises to the level of an "atypical and significant hardship."[11] Further, "there is no liberty interest

---

[10] Plaintiff makes a passing reference to Equal Protection seemingly implying that the misconduct hearing deprived him of the Equal Protections of the laws under the 14th Amendment. Complaint, at ¶ 22. Given his lack of specificity in asserting this point, the Court finds that this claim fails to state a claim as a matter of law as Plaintiff has not alleged that Defendants engaged in intentional or purposeful discrimination or that he was treated differently by Defendants than similarly situated persons on the basis of his race, nationality, or gender with regard to the alleged misconduct.

[11] The Court notes that the PA DOC Inmate Discipline Procedures Manual specifically

in a prison job arising from the Due Process Clause." *Presbury v. Wenerowicz*, 472 F. App'x 100 (3d Cir. 2012) (citing *James v. Quinlan*, 866 F.2d 627, 629 (3d Cir. 1989)). Accordingly, the Court finds that the Complaint fails to state a constitutional claim based on the misconduct sanctions imposed on Plaintiff.[12]

E.   *Claims Against Defendant Oppman*

The allegations against Defendant Oppman are based on the fact that he "retrieved" Plaintiff's letter from the central office and then instituted an investigation because he suspected that Plaintiff had improperly used a Department computer for a personal matter. *Id.* at ¶¶ 15, 16.

Department personnel suspected that Plaintiff had improperly used a Department computer for a personal matter and then circumvented the rules by using an inter-library loan envelope to send his letter to Defendant Alvord. Any retaliation claim against Defendant Oppman fails on a finding of guilt in a misconduct hearing because such a finding demonstrates that the initiation of an investigation by Defendant Oppman was reasonable and proper and that Defendants possessed a legitimate penological interest in investigating the suspected infraction and in the filing of the misconduct charge, namely, to punish Plaintiff for violating disciplinary

---

states that a misconduct sanctions may include removal from job assignment; assessment of costs; and a reprimand, warning, counseling. DOC-ADM 801, Section 4(B).

[12]   The Complaint states that his disciplinary hearing was conducted seventy-one (71) days after the "alleged" incident. To the extent Plaintiff claims that the Hearing Examiner failed to comply with the "Administrative Practice / Procedure Law and any Pa. D.O.C. Policy," the Court finds that such claim also lacks merit as Plaintiff does not clearly indicate what specific procedure or DOC policy the Hearing Examiner violated. Plaintiff appears to challenge the fact that the hearing occurred seventy-one (71) days after the alleged incident. However, as the Misconduct Report specifically states that "Your Hearing may be scheduled any time after 11-14-12 at 11:30." Complaint, Exh. 6. See also DOC-ADM 801, Section 3(A)(2). Plaintiff's hearing

rules. The finding of guilt on the underlying misconduct charge satisfies the Defendants' burden of showing that they would have brought the misconduct charge even if Plaintiff had not engaged in protected activity. *See Banks v. Beard*, 2006 WL 2192015 (W.D. Pa. 2006). Thus, the Court finds that the Complaint fails to state a claim against Defendant Oppman and that leave to amend would be futile.

F.  *DOC and SCI-Mercer*

To state a § 1983 claim, a plaintiff must plead two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Kach v. Hose,* 589 F.3d 626, 646 (3d Cir. 2009).

Suit against the DOC and SCI–Mercer is barred by the Eleventh Amendment because Pennsylvania has not consented to suit in federal court. *See Lombardo v. Pennsylvania,* 540 F.3d 190, 194 (3d Cir. 2008) (immunity of States from suits in federal courts is fundamental aspect of state sovereignty). The Pennsylvania Department of Corrections is a state agency. *See* 71 Pa. Adm. Code § 61. Congress may abrogate a State's sovereign immunity, and a State may consent to suit, *Lombardo,* 540 F.3d at 195–96, but Congress has not abrogated the States' immunity from section 1983 actions, *Quern v. Jordan,* 440 U.S. 332, 345 (1979), and Pennsylvania has withheld its consent to suit in federal court, 42 Pa. Cons. Stat. § 8521(b). *See Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir.1981).

---

was conducted on November 16, 2012.

Moreover, as a state agency and the prison it administers, the Department of Corrections and SCI–Mercer are not "persons" and thus cannot be sued under 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Pettaway v. SCI Albion*, 487 F. App'x 766, 768 (3d Cir. 2012).

Plaintiff will not be granted leave to amend his claims against these defendants as doing so would be futile.

G.      *Claims that Discipline Led to a Parole Denial*

Plaintiff contends that his constitutional rights under the "Eighth Amendment, Excessive Fines and Penalties," were violated because he was denied parole as a result of the misconduct sanctions imposed. This claim can be rather summarily dismissed. There is no federal constitutional right to parole. *See Board of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Nevertheless, our court of appeals has held that "once a state institutes a parole system, all prisoners have a liberty interest flowing directly from the due process clause in not being denied parole for arbitrary or constitutionally impermissible reasons." *Block v. Potter*, 631 F.2d 233, 236 (3d Cir. 1980); *Watson v. DiSabato*, 933 F. Supp. 390, 393 (D.N.J. 1996) (prisoner has liberty interest in parole decisions, including notice of determination, statement by the government, and opportunity for prisoner to submit written response). Therefore, prisoners have a substantive due process right in being treated fairly during the parole process. *See Jubilee v. Horn*, 975 F. Supp. 761, 764–65 (E.D. Pa. 1997), *aff'd*, 151 F.3d 1025 (3d Cir.1998).

The problem with the Complaint, however, is that Plaintiff's claim is best described as speculative and conclusory. This Court is in no position to speculate about the reasons

underlying the Parole Board's decision to deny Plaintiff parole and the Complaint is completely void of any facts which indicate that the Parole Board's decision was based on Plaintiff's misconduct charges or that he was denied parole for arbitrary or constitutionally impermissible reasons. Thus, this claim will be dismissed with prejudice.

H.   *Futility*

If a civil rights complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). A district court must provide the plaintiff with this opportunity even if the plaintiff does not seek leave to amend. *Id.*

Given that the Court has already provided Plaintiff with an opportunity to amend, (see ECF No. 50), the Court is not required to provide him with further leave to amend as further amendment would be futile. *Shelley v. Patrick*, 481 F. App'x 34, 36 (3d Cir. 2012).

For the reasons discussed *supra*, the Court will not grant Plaintiff leave to amend as it would be futile.

## CONCLUSION

For all the foregoing reasons, the Motion to Dismiss filed by Defendants will be granted and the Complaint will be dismissed in its entirety. An appropriate Order follows.

## ORDER

**AND NOW**, this 18th day of September, 2013, upon consideration of the "Motion to Dismiss For Failure to State a Claim" filed by Defendants (ECF No. 48), IT IS HEREBY **ORDERED** that the Motion is **GRANTED** in its entirety.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Plaintiff has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

*s/ Cynthia Reed Eddy*
Cynthia Reed Eddy
United States Magistrate Judge

cc:  CHRISTOPHER IWANICKI
FW 2272
SCI Retreat
660 State Route 11
Hunlock Creek, PA 18621-3136

Ronald W. Chadwell
Commonwealth of Pa., Department of Corrections
Governor's Office of General Counsel
Email: rchadwell@state.pa.us